UNITED STATES  DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JAMES BUNCH                                CIVIL ACTION

VERSUS                                     NUMBER: 97-3688

BURL CAIN, WARDEN                          SECTION: "F"(5)


**ORDER**

    Pursuant to an Order of Reference from the District Judge
(rec. doc. 38), presently before the Court is petitioner's Motion
for Relief from Judgment pursuant to Federal Rule of Civil
Procedure Rule 60(d)(1) and (3).  (Rec. doc. 36).

    Petitioner initiated the above-captioned habeas proceeding in
1997, asserting a <u>Brady</u> claim that a weapon that was located near
the scene of the murder of which he stands convicted was not
introduced at his trial in 1982 and was only later learned of in
1995.  In due course, a Report and Recommendation was issued
recommending that Bunch's petition be denied as the discovery and
presentation of the weapon to the jury did nothing to advance his
defense.  (Rec. doc. 20).  Objections to the Report and
Recommendation were filed by Bunch <u>pro</u> <u>se</u> (rec. docs. 21, 22) and,
subsequently, by his retained counsel.  (Rec. doc. 24).  On June
20, 2000, Judgment was entered dismissing Bunch's habeas petition

and a Certificate of Appealability ("COA") was later denied. (Rec. docs. 26, 28). The Fifth Circuit likewise denied Bunch a COA on November 21, 2000. (Rec. doc. 29). Almost thirteen years later, Bunch moved for relief from the Judgment under Rule 60(b)(2), (3), (4), and (5) which the Court denied on July 9, 2013. (Rec. docs. 30, 34). Changing tack, Bunch now seeks relief pursuant to Rule 60(d)(1) and (3), citing a lack of subject matter jurisdiction, a lack of exhaustion by the State on his <u>Brady</u> claim, "fraud" upon the Court by the State, nullity and voidness of the judgment, and the incompleteness of the transcript of an evidentiary hearing that was held before the state trial court.

Rule 60(d)(1) of the Federal Rules of Civil Procedure empowers a court to "entertain an independent action to relieve a party from a judgment, order, or proceeding ..." The Court declines to convert Bunch's motion to an independent action as he makes no showing of having obtained leave from the Fifth Circuit to file a second or successive habeas application as is required under 28 U.S.C. §2244(b)(3). In any event, Bunch has not demonstrated that the issues that he now raises were not open to litigation during the pendency of his habeas proceeding. <u>Turner v. Pleasant</u>, 663 F.3d 770, 776 (5th Cir. 2011).

In terms of the alleged lack of subject matter jurisdiction, notwithstanding that such is not an enumerated ground for relief under Rule 60(d)(3), jurisdiction over Bunch's federal habeas

petition was clearly prescribed by 28 U.S.C. §§2241(a) and 2254(a). As for the purported lack of exhaustion of state court remedies on Bunch's Brady claim, the Court first notes that it is the petitioner in a habeas proceeding, as opposed to the State, who bears the burden of exhausting the remedies that are available in the state courts. 28 U.S.C. §2254(b)(1)(A). Moreover, as was pointed out in the Court's previous order denying Bunch's motion under Rule 60(b), exhaustion is based upon comity rather than jurisdiction, Graham v. Johnson, 168 F.3d 762, 777-78 (5th Cir. 1999), cert. denied, 529 U.S. 1097, 120 S.Ct. 1830 (2000), and exhaustion may be waived by the State. McGee v. Estelle, 722 F.2d 1206, 1211-12 (5th Cir. 1984). The Court's judgment dismissing Bunch's federal habeas petition was thus neither null nor void even if those grounds were embraced by Rule 60(d)(3).

Turning to the alleged fraud on the Court, the only ground for relief that is enumerated in Rule 60(d)(3), such a ground is demanding indeed, reserved only for the most egregious misconduct such as the bribery of a judge or members of the jury or the fabrication of evidence by a party in which an attorney is implicated. Jackson v. Thaler, 348 Fed.Appx. 29, 34 (5th Cir. 2009). Initially, the Court notes that much of the "fraud" complained of by Bunch occurred before the Louisiana Supreme Court during proceedings which resulted in the reinstatement of his conviction in 1997. State v. Bunch, 695 So.2d 1341 (La. 1997).

3

Accordingly, his complaints concerning any acts and omissions which occurred in the context of that proceeding should be directed to that tribunal.  To the extent that Bunch complains that he was not furnished with a complete copy of the transcript of an evidentiary hearing that was conducted before the state trial court in July, August, September, and October of 1996, as he admits that he has yet to be provided with a complete copy of said transcript, his allegations are speculative at best.  In any event, as all of this was known to Bunch at the time that his petition was pending here, he has not demonstrated a material subversion of the legal process in this case such as could not have been exposed within the one-year window provided by what is now Rule 60(c).  Jackson, 348 Fed.Appx. at 34-35.  Otherwise, to the extent that the fraud complained of by Bunch concerned his Brady claim itself, that claim was thoroughly considered by both this Court and the Fifth Circuit and was found to be without merit.  For these reasons, Bunch's Rule 60(d) motion is hereby denied.

New Orleans, Louisiana, this 19th day of ___December___, 2013.

ALMA L. CHASEZ
UNITED STATES MAGISTRATE JUDGE

4